IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
August 6, 2026
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

CARDINAL HEALTH 110, LLC, and
CARDINAL HEALTH 411, INC.,
Petitioners Below, Petitioners

v.) No. 25-ICA-412          (Cir. Ct. Kanawha Cnty. Case No. CC-20-2023-AA-2)

THE CITY OF CHARLESTON,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioners Cardinal Health 110, LLC ("Cardinal 110"), and Cardinal Health 411, Inc. ("Cardinal 411") (collectively "Cardinal") appeal the September 17, 2025, decision of the Circuit Court of Kanawha County, which affirmed a February 15, 2023, administrative decision upholding Respondent the City of Charleston's ("Charleston") business and occupation ("B&O") jeopardy tax assessment against Cardinal. Charleston filed a response.[1] Cardinal filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision summarily affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Cardinal wholesales and distributes drugs and druggist's sundries to pharmacies, including retail stores and hospital pharmacies in Charleston. It operates a distribution center in Wheeling and has paid B&O taxes there. This case centers on whether Cardinal properly reported all income from its Charleston sales to Wheeling and whether it owes Charleston B&O taxes for services it performed within the municipality but did not report.

On June 1, 2018, Charleston began auditing Cardinal 411 for the period April 1, 2008, through March 31, 2018. After learning that Cardinal 411 had merged with Cardinal 110 in January 2016, Charleston audited Cardinal 110 for the same period. *See* Charleston, W. Va., Code ch. 110, art. II, § 110-112 (2002) (authorizing city collector to investigate and assess tax liability when it is determined that a taxpayer has failed to properly report their taxes to the municipality).

---

[1] Cardinal is represented by Floyd M. Sayre III, Esq. Charleston is represented by Alexander Macia, Esq., Paul G. Papadopoulos, Esq., and Chelsea S. Thompson, Esq.

1

On July 26, 2019, Charleston issued a jeopardy assessment to Cardinal 411 for the period April 1, 2008, through December 31, 2015, assessing $2,628,779.15. Cardinal petitioned Charleston for reassessment. *See* Charleston, W. Va., Code ch. 110, art. II, § 110-113 (2002) (addressing taxpayer requests for reassessment). Cardinal asserted that it had remitted all of its West Virginia revenue, including Charleston sales, to Wheeling, and submitted supporting documentation.

In March 2021, Charleston issued a first revised assessment to Cardinal 110 totaling $590,505.63. In August 2021, it issued a second revised assessment totaling $294,858.99. In September 2021, Charleston revised Cardinal 411's assessment to $892,613.00. The final assessments against Cardinal 110 and Cardinal 411 included interest and penalties, which Charleston imposed under its municipal authority after determining that Cardinal failed to remit its B&O taxes and failed to exercise ordinary business care and prudence in meeting its tax obligations.

Cardinal sought additional revisions to its tax assessments, but Charleston declined to do so because Cardinal provided no corroborating evidence for several claims and its records contained unresolved discrepancies between its West Virginia sales and the amounts reported to Wheeling. In short, Cardinal could not establish what revenue, including Charleston sales, it reported to Wheeling.

In May 2022, Cardinal petitioned Charleston for reassessment of the revised assessments issued against Cardinal 110 and Cardinal 411. An administrative hearing was held before the hearing examiner on December 5, 2022. The hearing examiner upheld Charleston's assessments against both entities in a detailed order entered on February 15, 2023. The order concluded that Cardinal failed to meet its burden of proving error in Charleston's revised assessments, that Cardinal's services to Charleston-area businesses created a sufficient nexus for municipal taxation, that no double taxation had occurred, and that Charleston acted within its municipal and statutory authority in imposing the tax assessments, including penalties and interest.

Cardinal appealed this decision to circuit court. *See* Charleston, W. Va., Code ch. 110, art. II, § 110-115 (2019) (establishing that hearing examiner's decisions are appealed to circuit court). Acting as an appellate court, the circuit court reviewed the administrative decision under West Virginia Code § 29A-5-4(g) (2021), otherwise known as the West Virginia Administrative Procedures Act, and affirmed the decision in a thorough order dated September 17, 2025.

The court found that as a municipality, Charleston has plenary authority to impose B&O taxes under West Virginia Code § 8-13-5 (2007)[2] and West Virginia Code § 8-11-1 (1998). *See also* W. Va. Code R. § 110-26-12 (1992). The court also noted that West Virginia Code of State Rules § 110-26-1a.21 (1992) imposes municipal B&O taxes upon persons engaged in business, which includes all activities engaged in for the purpose of direct or indirect economic gain or benefit. Further, businesses do not necessarily have to maintain a physical location within a municipality to give rise to B&O tax liability. *See* W. Va. Code R. § 110-26-11.1 (1992) ("Persons domiciled outside a municipality who . . . (c) render services to others therein, are doing business in the municipality, irrespective of the domicile of such persons and irrespective of whether or not such persons maintain a permanent place of business in the municipality."). However, precedent dictates that a municipality may only impose its B&O taxes if the taxpayer has sufficient contacts within the municipality's corporate limits. *See generally Western Maryland Ry. Co. v. Goodwin*, 167 W. Va. 804, 282 S.E.2d 240 (1981); *Cincinnati Milacron Co. v. Hardesty*, 170 W. Va. 138, 290 S.E.2d 902 (1982); W. Va. Code R. § 110-26-12.

Applying these principles, the court determined that the record fully supported the administrative finding that a sufficient nexus existed for Charleston to impose B&O taxation on Cardinal. The court noted that Cardinal provided a variety of services to customers in Charleston that are taxable under the City's municipal code. For example, Cardinal engaged in wholesale sales by distributing drugs and druggist's sundries and selling them to pharmacies, doctors' offices, and businesses that, in turn, sold those products directly to consumers. Cardinal also engaged in retail sales by selling prescriptions, medications, and medical products to nonprofit organizations. In addition, it provided taxable services by performing shipping, drop shipping, and freight transportation for Charleston-area customers. The court found that Cardinal failed to overcome the administrative finding on this issue because it did not establish that the applicable municipal regulations were improperly adopted or that they conflicted with the general laws of the State. Syl. Pt. 4, *Town of Stonewood v. Bell*, 165 W. Va. 653, 270 S.E.2d 787 (1980) ("Where the complaining party has failed to show that a municipal ordinance, properly adopted, is arbitrary or unreasonable, this Court will not overrule city authorities in the exercise of their legislative function.").

Next, the court examined whether Charleston limited its taxation to the portion of Cardinal's gross income that had not been shown to be taxed by Wheeling. *See* W. Va. Code § 8-13-5(e) (2007).[3] The court determined that the record showed that Cardinal

---

[2] We recognize that this code section has been amended, most recently effective June 11, 2026. Although the amendments do not affect the operative statutory language at issue herein, we nevertheless cite the version that was in effect during the events underlying this appeal.

[3] *See* n. 2, supra.

proved payment of only some taxable sales to Wheeling, failed to prove that it paid B&O taxes to Wheeling on all Charleston sales, and failed to reconcile discrepancies between its total West Virginia sales and the sales it reported to Wheeling. Moreover, the record established that Charleston did not assess B&O tax on any sales shown to have been taxed by Wheeling. Accordingly, the court found that Cardinal failed to demonstrate that Charleston improperly imposed its tax in accordance with the law and subjected Cardinal to unconstitutional double taxation. The court also found that Charleston's assessment of penalties and interest was within its authority and supported by the facts of the case. This appeal followed.

Similar to the circuit court, our standard of review in this appeal is also governed by the West Virginia Administrative Procedures Act, which provides:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g).

On appeal, Cardinal raises two arguments. First, it argues that the administrative and circuit court decisions erroneously impose double taxation because the record clearly establishes that it reported all of its gross receipts to Wheeling and paid all corresponding B&O taxes there. Cardinal contends that, for this reason, Charleston's B&O tax assessments were prohibited by law. Second, it argues that Charleston's imposition of interest and penalties was improper. In response, Charleston argues that the circuit court's findings are supported by the record and Cardinal has failed to sustain its burden to prove double taxation. Charleston argues that Cardinal has admitted it cannot specifically articulate the exact sales or taxes reported to Wheeling for tax purposes.

Upon consideration of the record and briefs, we find no reversible error as to the issues on appeal and therefore summarily affirm. W. Va. R. App. P. 21(c).

4

Accordingly, we affirm.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge S. Ryan White

Judge Charles O. Lorensen, not participating